**In re James A. WILSON, Sharon A. Wilson, Debtors.**

**Bankruptcy No. 8600625.**

United States Bankruptcy Court, D. Rhode Island.

July 14, 1987.

**20**

Sanford M. Kirshenbaum, Providence, R.I., for debtors.

Richard M. Peirce, Roberts, Carroll, Feldstein & Tucker, Providence, R.I., for the Higher Educ. Assistance Foundation.

## DECISION ON JAMES A. WILSON'S MOTION FOR HARDSHIP DISCHARGE

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on June 2, 1987, on James A. Wilson's motion for a hardship discharge of a debt owed to the Higher Education Assistance Foundation ("the Foundation").

The debt, in the principal amount of $2500, accrues interest at the rate of eight per cent per year, and calls for sixty-one monthly payments of $50 each, beginning July 1, 1987. Debts for educational loans made, insured or guaranteed by a governmental unit, or by a program funded by a governmental unit or non-profit agency, are excepted from discharge unless such exception "will impose an undue hardship on the debtor and the debtor's dependents." 11 U.S.C. § 523(a)(8)(B). The debt owed to the Foundation falls within the categories covered by § 523(a)(8).

The testimony and documentary evidence produced at the hearing on the motion establish that the debtor is physically disabled and, therefore, unemployable at this time. However, Mr. Wilson is an intelligent young man, and we are unwilling to conclude from the evidence presently before us that his disability is permanent. A permanent or long-term disability would be grounds for a hardship discharge. However, within several months, the debtor's medical condition is scheduled for review before the Rhode Island Workers' Compensation Commission, and a clearer picture of the anticipated duration of the debtor's disability should emerge after that review. Therefore, the motion for a hardship discharge is denied, without prejudice.

The matter will be scheduled for review in one year, unless a change of circumstances (for the better) is indicated prior to that time. It is the debtor's obligation to inform the Foundation as to any significant improvement regarding his health or financial condition. Because payments on the debt would constitute undue hardship for the debtor and his dependents at this time, and under the present circumstances, he is not required to make any payments on this debt to the Foundation, until further order. After the review mentioned above, absent any intervening change for the better in the debtor's condition, either physical or financial, the debt shall be discharged. In the meantime, the Foundation is enjoined from any attempts to collect the debt in question.